UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10622-GAO

SCOTT W. DELP,
Plaintiff,

v.

SALEM DISTRICT COURT, ROBERT A. CORNETTA, and ANN M. COCCI,
Defendants.

OPINION AND ORDER
July 19, 2010

O'TOOLE, D.J.

Scott W. Delp is an inmate at MCI-Cedar Junction. Under 42 U.S.C. § 1983, Delp has filed suit against Ann M. Cocci, the Assistant Clerk-Magistrate of the Salem District Court. A preliminary screening of his complaint under 28 U.S.C. § 1915A identified one non-frivolous claim: that Cocci's refusal to provide criminal complaint applications to inmates violated the Equal Protection Clause of the Fourteenth Amendment. Delp v. Salem Dist. Ct., No. 10-10622, slip op. at 5 (D. Mass. May 26, 2010) (dkt. no. 7). Cocci has moved to dismiss that claim. Her motion stands unopposed.

Because Delp is not a member of a suspect class and his claims do not involve a fundamental right,[1] his equal protection claim is subject to rational basis review. Toledo v. Sanchez, 454 F.3d 24, 33 (1st Cir. 2006). On a motion to dismiss, the question presented is whether Delp has a plausible claim that the state action was not rationally related to a legitimate government interest. Daylily Farms, Inc. v. Chao, 357 F. Supp. 2d 356, 360 (D. Mass. 2005). He

---

[1] See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Boivin v. Black, 225 F.3d 36, 42 (1st Cir. 2000) ("[P]risoners simply are not a suspect class.").

does not. The Commonwealth has a legitimate interest in protecting the integrity of its judicial system, see Kraham v. Lippman, 478 F.3d 502, 509 (2d Cir. 2007), which is served by requiring complainants to be physically present in court to file applications for criminal complaints under oath and to testify at show cause hearings. Incarceration necessarily limits inmates' ability to be physically present in court. It would have been futile for Cocci to provide a criminal complaint application to Delp when he would be unable to present the application in person as required under the legitimate state practice.

The defendant's Motion to Dismiss the Plaintiff's Complaint (dkt. no. 13) is GRANTED. The complaint is dismissed.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge